UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:18-cr-151-CEH-SPF

QUJUANIA WILLIAMS
_____/

**O R D E R**

This matter comes before the Court on Defendant's Motion for Judicial Recommendation for Home Confinement (Doc. 165) and Defendant's Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 169). The Government filed responses in opposition (Doc. 167, 174). The Court, having considered the motions and being fully advised in the premises, will deny Defendant's Motion for Judicial Recommendation for Home Confinement (Doc. 165) and Defendant's Motion to Reduce Sentence or for Compassionate Release (Doc. 169).

**I.    BACKGROUND**

Defendant, Qujuania Williams, pleaded guilty to Count Seven of the Indictment charging her with theft of government funds. Docs. 1, 48, 130. On June 17, 2019, Defendant was sentenced to 63 months' imprisonment and 36 months' supervised release and ordered to pay restitution to the Internal Revenue Service in the amount of $1,579,567. Doc. 130. Defendant, who is currently 43 years of age, is

incarcerated at Alderson FPC[1] in Alderson, West Virginia and is scheduled to be released on December 3, 2022. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed January 10, 2022).

### A.    Defendant's Motions

On May 20, 2020, Defendant filed a *pro se* motion requesting a recommendation by the court for home confinement. Doc. 165. In support, Defendant submits she has continuously held a Unicor job and has been taking classes to better herself. *See* Doc. 165-1. She states her five-year-old daughter is being cared for by her elderly parents, but she alleges her daughter suffers from depression because both of her parents (Defendant and her daughter's father) are in prison. Defendant expresses concern about contracting COVID-19 because she suffers from asthma, high blood pressure, fibroids, anemia, plantar fasciitis, and a history of two back surgeries.

On December 29, 2020, Defendant, through counsel, filed a motion to reduce her sentence or for compassionate release pursuant to 18 U.S.C. § 3852(c)(1)(A). Doc. 169. Defendant urges extraordinary and compelling circumstances justify her compassionate release. Specifically, she argues the COVID-19 pandemic and overcrowding of the prison system, coupled with her medical conditions, support her compassionate release. Defendant alleges she suffers from hypertension, obesity, and

---

[1] According to the BOP website, Alderson FPC currently has 32 inmates positive for COVID-19 and 4 staff members positive. *See* https://www.bop.gov/coronavirus/ (last accessed Jan. 10, 2022). Alderson has actively vaccinated its staff and inmates and has 75 staff members fully inoculated and 514 inmates fully inoculated. *See id.*

2

asthma, which she argues place her at a greater risk of severe consequences should she contract COVID-19.

    **B.**    **Government's response:**

The Government argues the motions should be denied. As to Defendant's request for a recommendation of home confinement, the Government responds that the Court has no inherent authority to modify the Defendant's sentence and Defendant failed to exhaust her administrative remedies. Doc. 167. Regarding Defendant's counseled motion for compassionate release, the Government responds that it does not appear that Defendant exhausted her administrative remedies, but even if she did, the Government submits that Defendant fails to demonstrate that extraordinary and compelling reasons exist to support her compassionate release. Doc. 174.

**II.**    **LEGAL STANDARD**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

    The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

4

Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.   DISCUSSION

#### A.   Administrative Exhaustion

Defendant submits she has exhausted her administrative remedies and attaches to her motion a "Regional Administrative Remedy Appeal" form dated September 24, 2020. Doc. 169-2. The Government contends this may be insufficient because there is no indication the outcome of the Defendant's appeal. Be that as it may, it appears

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

likely that a request for compassionate release was submitted by Defendant to Coleman FCC[3] and more than thirty days have passed since the facility received her request. The Court finds Plaintiff has satisfied administrative exhaustion.

### B. Home Confinement

Defendant requests the Court recommend she be released to home confinement, which would permit Defendant to serve the remainder of her sentence at home. In general, once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement and otherwise alleges no facts to support the requested relief. Thus, Defendant's "Motion for Judicial Recommendation for Length of Home Confinement" (Doc. 165) is due to be denied.

### C. Extraordinary and Compelling Reason

---

[3] At the time of her motion, Defendant was incarcerated at Coleman FCC. Defendant has since been moved to Alderson FPC.

Even though the Court finds administrative exhaustion is satisfied, Defendant's Motion to Reduce Sentence or for Compassionate Release (Doc. 169) fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.* Defendant is 43 years old, and thus the second category regarding a defendant of advanced age is inapplicable.

1. *Medical Condition*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes her ability to care for herself within the prison environment and from which she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020)

(affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Here, Defendant files a BOP list of health problems in support of her claimed conditions. Doc. 169-1. While the two-page report identifies that Defendant suffers from certain medical conditions, the records do not reveal Defendant is suffering from any terminal illness or serious physical or medical condition that substantially diminishes her ability to care for herself within the prison environment. To the contrary, the minimal records reflect some of her conditions have resolved, and she is otherwise being monitored and treated for her current conditions. Thus, nothing about Defendant's medical conditions supports a finding of compelling and extraordinary reasons to warrant a reduction in sentence.

    2.    *Family Circumstances*

Regarding the third factor, as discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Defendant indicates that her minor child is being cared for by her parents. Although she states that her parents are elderly, she does not otherwise indicate that they are incapable of caring for her school-

8

aged daughter. Thus, this factor does not support a finding of an extraordinary and compelling reason for release.

    3.    *Other Reasons*

Defendant claims the COVID-19 pandemic coupled with her medical condition establishes "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D).  As a preliminary matter, the Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).[4]

---

[4] Because Defendant fails to establish "extraordinary and compelling reasons" for her requested reduction, the Court need not analyze the § 3553(a) factors. *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) (holding that the district court did not need to analyze the § 3553(a) factors if it finds that no extraordinary and compelling reason exists).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Judicial Recommendation for Home Confinement (Doc. 165) is **DENIED**.

2. Defendant's Motion to Reduce Sentence or for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 169) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 10, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties